IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL J. GALE,                                         No. 3:18-cv-00707-AC

        Plaintiff,

      v.

SAIF CORPORATION, et al.,                               ORDER

        Defendants.

HERNANDEZ, District Judge:

Magistrate Judge Acosta issued a Findings & Recommendation (#79) on March 15, 2019,

in which he recommends the Court grant Defendants' motions to dismiss in part, but allowing

Plaintiff leave to amend a Fourteenth Amendment Due Process claim. Plaintiff has timely filed

objections to the Findings & Recommendation. The matter is now before me pursuant to 28

U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings &

Recommendation, the district court must make a *de novo* determination of that portion of the

1 - ORDER

Magistrate Judge's report.  28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Plaintiff's objections and amended objections, and conclude that Judge Acosta properly recommends dismissal of Plaintiff's due process claim with leave to amend that claim.  However, I further address the recommendation that Plaintiff's claims for workers' compensation benefits, breach of contract, and corporate identity branding be dismissed with prejudice and without leave to amend.  In regard to those claims, Judge Acosta based his recommendation on the conclusion that these are state-law claims that fail to support federal question jurisdiction.  F&R at 12-14, 23.  But, in the presence of federal question jurisdiction premised on the due process claim, this Court may have supplemental jurisdiction over a state claim that is "so related to claims in the action . . . that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Here, the state law claims appear to arise out of a dispute with SAIF, as does the due process claim.  Thus, this Court appears to have supplemental jurisdiction over them under § 1367.

Nonetheless, I agree with Judge Acosta that the claim for workers' compensation benefits and corporate identity branding should be dismissed with prejudice.  Assuming these claims meet the requirement for § 1367 supplemental jurisdiction, they fail to state a claim.  The state workers' compensation administrative process provides the exclusive remedy for any allegations concerning a claim for workers' compensation benefits. *E.g., Specialty Risk Servs. v. Royal Indem. Co.*, 213 Or. App. 620, 627, 164 P.3d 300, 304 (2007) (for workers' compensation claims, "the decision and review provisions of the Workers' Compensation Law are exclusive").  Thus, because Plaintiff could not bring this claim even in state circuit court, it is properly dismissed

2 - ORDER

with prejudice. As to the "corporate identity branding" claim, Judge Acosta appropriately

observed that there is no authority for such a claim. As such, it is appropriately considered to be

non-cognizable, warranting dismissal with prejudice.

Other than the modification allowing a breach of contract claim to be re-asserted in any

amended pleading and with allegations supporting the exercise of § 1367 supplemental

jurisdiction, there is no other basis to modify the Findings & Recommendation. I have also

reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate

Judge's Findings & Recommendation.

CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Acosta's Findings & Recommendation

[79], and therefore, Defendants' motions to dismiss [33, 35, 37, 48, 64, 67] are granted in part

and denied in part as follows:

(1) Plaintiff's claims for due process and conspiracy to violate due process under 42

U.S.C. § 1983 are dismissed without prejudice and with leave to amend pursuant to Rule

12(b)(6);

(2) Plaintiff's claims for workers' compensation benefits and corporate identity branding

are dismissed with prejudice for failure to state a claim; and

(3) Plaintiff's claim for breach of contract is dismissed in light of the dismissal of the

federal due process claim and because the contract claim does not independently support federal

question jurisdiction; however, the dismissal is without prejudice and the contract claim may be

re-pleaded in any second amended complaint consistent with § 1367.

Plaintiff is given 30 days to file a second amended complaint and 30 days thereafter to

3 - ORDER

perfect service of process on all Defendants.

IT IS SO ORDERED.

DATED this _____11_____ day of __May__ , 2019.


_____
MARCO A. HERNANDEZ
United States District Judge